OIL HEAT & ENGINEERING, INC. *v.* ROCCO LAURETTI
(2051)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued January 5—decision released April 10, 1984

*Edward J. McMahon,* for the appellant (defendant).

*Joel M. Ellis,* with whom, on the brief, was *Richard J. Seserman,* for the appellee (plaintiff).

DANNEHY, C.P.J. The plaintiff brought this action seeking to recover for materials furnished and services performed under a series of contracts for the installation of heating and cooling systems. The defendant

raised two special defenses. He alleged that he had paid the amounts due on the invoices received from the plaintiff and he further alleged that one of the heating and air conditioning systems had been installed in a defective, faulty and unworkmanlike manner, that it did not work properly and that it failed to meet the level of efficiency impliedly and expressly warranted by the plaintiff. The trial court accepted as true the testimony of the plaintiff and reasonably concluded therefrom that the amount of money claimed was due and owing. That conclusion fully disposes of the defendant's claim of payment.

The defendant's other reason for appeal[1] relates to the question of shifting the burden of proof where a plaintiff alleges performance of a building contract and the defendant pleads by way of special defense any claim of defect, impropriety or unsuitability in the work. *Dubose* v. *Carabetta,* 161 Conn. 254, 262, 287 A.2d 357 (1971). That question does not merit consideration because it appears that it was not raised in the trial court. See Practice Book §§ 285A and 3063.

As to the question of damages, we accept the parties' stipulation to a $481.30 miscalculation by the trial court. The amount actually owed to the plaintiff by the defendant is $6726.17 rather than the $7207.47 awarded by the trial court.

There is error only in the amount of damages awarded the plaintiff; the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified in accordance with this opinion.

In this opinion the other judges concurred.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to the Appellate Session of the Superior Court, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).